UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

In the matter of:

B.K.A. O/B/O E.K.,

    Plaintiffs

v.

Plymouth-Canton Community Schools,

    Defendant.

CASE NO. 2:24-cv-10590

Dorene Philpot (P84063)
Philpot Law Office, PLLC
275 Bristol Lane
Livingston, Texas 77351
(281) 989-2010
Fape4kids@gmail.com

## VERIFIED COMPLAINT FOR ATTORNEY FEES AND COSTS

### INTRODUCTION

1. Plaintiffs, B.K.A O/B/O E.K., by and through undersigned counsel, bring this action for declaratory relief and attorneys' fees and costs pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et. seq.*, and the Michigan Administrative Rules for Special Education ("MARSE") M.C.L. § 340.1701, *et seq.*

2. Plaintiffs are a minor student with disabilities and her parent, who prevailed in a special education due process proceeding. Plaintiffs now seek a declaratory judgment as to their status as prevailing party in the administrative proceeding and full reimbursement from the Defendant of reasonable attorneys' fees, costs, and interest accrued in successfully pursuing the claims as provided for by the IDEA, 20 U.S.C. § 1415(i)(3)(A).

3. Plaintiffs' status as a prevailing party under the IDEA was established in the February 9, 2024, Decision and Order, which was amended/clarified on Feb. 14, 2024, by an Order Clarifying Remedy and Errata to Decision and Order issued by the Administrative Law Judge (ALJ) appointed by the Michigan Department of Education. (*See* Exhibits A, B and C).

4. The Decision and Order substantially changed the legal position of the parties.

## JURISDICTION, VENUE, AND EXHAUSTION

5. This Court has jurisdiction over this action pursuant to 20 U.S.C. § 1415(i)(3)(A) and 20 U.S.C. § 1415(i)(2)(A).

6. This is a civil action over which this Court has original and exclusive jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

7. Declaratory and Injunctive relief are authorized by 28 U.S.C. § 2201.

8. Venue is appropriate in this district pursuant to 28 U.S.C. §1391(b), as the parties are located in Plymouth, Michigan, and events that are the subject of this Complaint took place within this district.

9. This action has been brought within 90 days of the Decision and Order pursuant to the IDEA and the Michigan Administrative Rules for Public School Education (MARSE). 20 U.S.C. § 1415(i)(2)(B), R 340.1724f(5).

10. Plaintiffs have exhausted all administrative remedies available to them under the IDEA as required by 20 U.S.C. § 1415(i)(2).

## THE PARTIES

11. Plaintiff, E.K. ("Student" or "Plaintiff"), is a 14-year-old student with a disability as defined by the IDEA, the MMSEA, and MARSE under the category of Other Health Impairment. Plaintiff B.K.A. ("Parent" or "Plaintiff") is her mother. At all relevant times, Plaintiffs resided in the Plymouth-Canton Community Schools boundaries.

12. Student received special education and related services from Defendant during the applicable statutory time period.

13. As a special education student, Plaintiff was entitled to receive a Free Appropriate Public Education (FAPE) from the Defendant.

14. Defendant Plymouth-Canton Community Schools and the Board of Education of Plymouth-Canton Community Schools (collectively, "Plymouth-Canton" or "PCCS"), are a public school district operating pursuant to the Michigan Revised School Code. M.C.L. § 380.1, *et seq*. Plymouth-Canton was Plaintiffs' home district and as such, was the local education agency (LEA) responsible for providing Student with a FAPE and the procedural protections required under the IDEA.

## FACTS

15. On Aug. 16, 2023, Plaintiffs, through their attorneys, filed a due process complaint against Plymouth-Canton Public Schools, alleging a failure to provide Plaintiff with a free, appropriate public education (FAPE) due to procedural and substantive violations of the IDEA and the Michigan Administrative Rules for Special Education (MARSE) during the time period that Plymouth-Canton was obligated to provide her a FAPE.

16. On Aug. 17, 2023, the case was assigned to an administrative law judge (ALJ) or

hearing officer.

17. An administrative due process hearing was held over three days on Dec. 18-20, 2024.

18. At the administrative due process hearing, the parties presented a total of eight witnesses and about 118 exhibits. The hearing resulted in a three-volume transcript totaling 684 pages.

19. Both parties subsequently filed Post-Hearing Briefs.

20. The ALJ's Decision and Order held that Plaintiff, who carried the burden of persuasion, proved by a preponderance of the evidence that Defendants violated the IDEA and the MARSE by failing to provide Plaintiff with a FAPE during the relevant time period.

21. Specifically, in his 34-page decision, the ALJ held that Plymouth-Canton had impeded the student's right to a Free Appropriate Public Education (FAPE) by failing to include reading and math goals in her Individualized Education Plans (IEPs). This failure occurred even though Plymouth-Canton Community Schools knew that student was currently performing in the bottom 20 percent when compared to her same-age peers in reading and math.

22. Because the HO articulated various problems with Plymouth-Canton's actions and inactions, he ordered the following significant relief and remedies, most of which was not offered by Defendant prior to the hearing:

> NOW, THEREFORE, IT IS ORDERED Respondent reimburse Petitioner $3,845.00 for the cost of the comprehensive evaluation that was completed by McCaskill Family Services.
>
> IT IS FURTHER ORDERED that Student's IEP team must consider the conclusions and recommendations set forth in the McCaskill Report at an IEP team meeting no later than 30 days after the date of this Decision and Order (unless the conclusions and recommendations set forth in the McCaskill Report have already been considered at an IEP team meeting held between the hearing and the date of this Decision and Order).
>
> IT IS FURTHER ORDERED that, no later than 14 days after

  the date of this Decision and Order, Respondent shall seek parental consent to have a multidisciplinary evaluation team conduct an evaluation of Student for eligibility under the Emotional Impairment (EI) category.

  IT IS FURTHER ORDERED that, no later than 30 days after the date of this Decision and Order, Respondent shall convene Student's IEP team to add appropriate, measurable goals in math and English Language Arts (ELA) to Student's IEP (unless measurable math and ELA goals have already been added to Student's IEP at an IEP team meeting held between the hearing and the date of this Decision and Order).

  IT IS FURTHER ORDERED that Respondent must provide 72 hours of compensatory education to Student in the area of math. The compensatory education should be in the form of one-on-one tutoring unless the parties mutually agree to a different form of compensatory education.

  IT IS FURTHER ORDERED that Respondent must provide 72 hours of compensatory education to Student in the area of ELA. The compensatory education should be in the form of one-on-one tutoring unless the parties mutually agree to a different form of compensatory education.

  IT IS FURTHER ORDERED that Petitioner's remaining claims and any other claims or defenses not specifically addressed herein are dismissed with prejudice.

23. In a subsequent order clarifying the timeline, which was issued on Feb. 14, 2024, the hearing officer gave the district deadlines for completion of the compensatory educational services he had ordered. (See Exhibt C.)

24. In addition to prevailing in the hearing decision, the family prevailed in the vast majority of pretrial motions filed by Respondent, some of which contained material misrepresentations of fact and law, among other things, escalating the costs and time that had to be expended by Plaintiffs.

25. The ALJ's Decision and Order further held that Plaintiff had timely filed within two years of when he "knew or should have known" the violation occurred, entitling Plaintiff to relief for the entire period of FAPE deprivation.

26. Clearly, Plaintiffs are the prevailing party.

## COUNT I

### PREVAILING PARTY CLAIM AND CLAIM FOR REIMBURSEMENT OF ATTORNEY FEES AND COSTS

27. Plaintiffs reallege and reincorporate all previous paragraphs as though set forth herein.

28. Per the ALJ Decision and Order, Plymouth-Canton violated the IDEA and the MARSE by failing to comply with the substantive requirements of the IDEA and MARSE by failing to provide Plaintiff with a FAPE.

29. The IDEA provides for a fee-shifting to occur in regard to the parent's attorney fees in special education matters when the parent prevails on *any* significant issue in the litigation. Specifically, under the IDEA, parents may recover attorney fees whenever they prevail in any action or proceeding.

30. The provision of the IDEA that awards the right to recover attorney's fees is modeled in part after 42 U.S.C. § 1988, the Civil Rights Attorney's Fees Awards Act of 1976.

31. Per the ALJ Decision and Order, Plaintiff was the prevailing party at the administrative hearing. Therefore, Plaintiff is entitled to reimbursement of reasonable attorney fees and costs. 20 U.S.C. § 1415(i)(3).

32. As of February 26, 2024, Philpot Law Office provided 307.9 hours of legal services in the amount of $121,620.50 and costs of $9.60. (*See* Exhibit D).

33. As of Feb. 26, 2024, Connell Michael provided 181.7 hours of legal services and costs totaling $69,299.50 and costs of $1,686. (*See* Exhibit E).

34. The attorney's fees, costs, and interest associated with this action continue to accumulate as this attorneys' fees action and the enforcement of the ALJ's Decision and Order proceed.

35. Counsel for Plaintiffs reserve the right to amend the total amount owed when all issues related to this action have been resolved with finality, as courts have held that federal court fees and costs incurred in an effort to pursue prevailing party attorney fees at the federal level for work done at the administrative level also are reimbursable to Plaintiffs.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs request that the Court grant the following relief:

A. Find that Plaintiffs are the prevailing party pursuant to the IDEA, 20 U.S.C. § 1415(i)(3)(B).

B. Enter a judgment against Defendant in the amounts cited above for administrative level reasonable attorney's fees and costs.

C. Enter a judgment against Defendant for additional attorneys' fees and costs incurred in pursuing the current action.

D. Award Plaintiffs' prejudgment and post-judgment interest on any and all awards of fees and costs.

E. Any further relief that the Court deems equitable and proper.

Verification by Plaintiff Parent

*[signature]*

Rebecca (Krupa) Arnold

Dated: March 8, 2024

Respectfully submitted,

*s/Dorene Philpot*

Dorene Philpot (P84063)
Philpot Law Office, PLLC
275 Bristol Lane
Livingston, Texas 77351
(281) 989-2010
Fape4kids@gmail.com

*Attorney for Plaintiffs*