UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

B.K.A. o/b/o E.K.,

    Plaintiff,

v

PLYMOUTH-CANTON COMMUNITY
SCHOOLS,

    Defendant.

_____/

Judge Jonathan J.C. Grey
Magistrate Judge Elizabeth A. Stafford
No. 24-10590

| | |
|---|---|
| DORENE PHILPOT (P84063)<br>PHILPOT LAW OFFICE, PLLC<br>*Attorney for Plaintiff*<br>275 Bristol Lane<br>Livingston, TX 77351<br>(281) 989-2010<br>Fape4kids@gmail.com | TIMOTHY J. MULLINS (P28021)<br>TRAVIS M. COMSTOCK (P72025)<br>GIARMARCO, MULLINS & HORTON, P.C.<br>*Attorneys for Defendant*<br>101 W. Big Beaver Road, 10th Floor<br>Troy, MI 48084-5280<br>(248) 457-7036<br>tmullins@gmhlaw.com<br>tcomstock@gmhlaw.com |

# FULL AND FINAL RELEASE AND SETTLEMENT AGREEMENT

Plaintiff B.K.A., o/b/o E.K, minor, and Defendant PLYMOUTH-CANTON COMMUNITY SCHOOLS having reached an agreement to resolve any and all issues, disputes and claims in this matter or otherwise raised between them, mutually agree as follows:

**Definitions Applicable to this Settlement Agreement:**

- **Plaintiff**: The word Plaintiff includes B.K.A. and E.K. along with their heirs, assigns, executors, administrators, conservators, guardians, attorneys, or any other representatives.

- **Defendants**: The word Defendant includes the PLYMOUTH-CANTON COMMUNITY

SCHOOLS, its employees, past and present, agents, past and present, board members, past and present, attorneys, past and present, and insurers, past and present.

1. **Release:** Plaintiff hereby releases and forever discharges the Defendant from any and all claims, including, but not limited to:

    a. All claims made, or that could have been made, in this matter, *B.K.A. o/b/o E.K. v. Plymouth-Canton Community Schools*, Case No. 24-10590;

    b. All claims made, or that could have been made, in the FOIA appeal *Arnold v. Plymouth-Canton Community Schools,* Case No. 24-007450-CZ (Wayne County Circuit Court);

    c. Any claims made, or that could have been made, pursuant to any state or federal statute, including, but not limited to, claims made under the Fourteenth Amendment via 42 U.S.C. § 1983, the Individuals with Disabilities Education Act (including any appeal of the due process proceeding), § 504 of the Rehabilitation Act, Title II of the Americans with Disabilities Act, Title IX, the Michigan Elliott-Larsen Civil Rights Act, and the Michigan Persons with Disabilities Civil Rights Act, or any administrative claims that could or have been filed with the U.S. Department of Education's Office for Civil Rights or the Michigan Department of Civil Rights;

    d. Any contract or quasi-contract claim, including but not limited to, claims for breach of contract, quantum meruit, unjust enrichment, or promissory estoppel;

    e. Any tort claim, including, but not limited to, negligence, gross negligence, intentional tort, or any business tort;

    f. Any claims for injunctive or equitable relief;

    g. Any claims for costs or attorney fees;

    h.  Plaintiff agrees that the release contained in this Agreement is intended as a complete, full and final release of any and all claims they may have against the Defendant and that no claims are reserved. Plaintiff agrees that this Agreement is to be read as broadly as possible to preclude any future claim by Plaintiff against the Defendant based on the facts and circumstances in Cases Nos. 25-10590 and 24-007450-CZ.

2. **Dismissal of Lawsuits and Complaints with Prejudice**: Plaintiff's lawsuits against the Defendant, pending in this Court (Case No. 24-10590) and in Wayne County Circuit Court (Case No. 24-007450-CZ) shall be dismissed, with prejudice and without payment of costs or attorneys' fees. In addition, B.K.A.'s pending Office for Civil Rights complaint (#15-23-1003) will be withdrawn. Plaintiff hereby authorizes their attorney to file a voluntary dismissal for each case or complaint with prejudice of said action to be entered within 7 days of receipt of the payment described in Paragraphs 3 and 4.

3. **Payment:** In consideration for the above release of all claims, dismissal of this above lawsuit, and other considerations, the Defendant shall pay Plaintiff and her Attorney, Philpot Law Office, PLLC, a total sum of **$350,000.**

4. **Timing of Payment:** The Defendant will make the above payment to Plaintiff's attorney within 30 days of the appropriate court approval of this Agreement. In addition, Plaintiff's attorney will provide Defendant's counsel with a W-9 for each payee and a Medicaid affidavit described in Paragraph 9 from the Plaintiff at the time of the execution of this Agreement.

5. **Tax Consequences:** Plaintiff shall be solely responsible for the payment of any taxes that may arise from the lump sum payment made to her and her attorney pursuant to this Agreement.

Plaintiff shall indemnify and hold harmless the Defendants from any and all liabilities and claims relating to any taxes owed as a result of this settlement.

6. **Trust account**: Plaintiff affirms, warrants, and represents that she will deposit the balance of the payment made in Paragraphs 3 and 4, after payment of attorney fees, into a trust in favor of E.K. to be used for the benefit of E.K. for educational needs.

7. **Free and Appropriate Public Education (FAPE) and withdrawal:** The parties agree, and B.K.A. as parent of E.K. affirmatively affirms, warrants, and represents, that the consideration specified in Paragraphs 3 and 4, less attorney fees, is solely for the educational needs for E.K. and is expressly made in lieu of FAPE that E.K. would otherwise be entitled to receive from the Defendant. B.K.A. affirmatively warrants, represents, and affirms that she will seek FAPE for E.K. from another source and agrees to permanently withdraw E.K. from the Defendant's school(s) within 7 days of the full and final execution of this Agreement.

8. **Reimbursement:** If B.K.A. seeks to re-enroll E.K. in the Defendant's schools, notwithstanding the agreement to permanently withdraw and seek FAPE from another source as stated in Paragraph 7, B.K.A. affirms, warrants, and represents that she will reimburse the Defendant the current state per pupil funding amount, including funds for provision of special education programs and services, then received by the Defendant for each year E.K. remains enrolled following the execution of this Agreement.

9. **Medicare/Medicaid/Other Liens:** Plaintiff affirms, warrants and represents that she, and minor E.K., has not received Medicare benefits, is not a Medicare beneficiary, and have no reasonable expectation of becoming a Medicare beneficiary within 30 months of this settlement. Plaintiff shall be responsible and agrees to indemnify and hold harmless the

Defendant from any medical bill, both past and future; including, but not limited to, any Medicare or Medicaid lien, or any other lien or claim, including any claim c/o the Centers for Medicare and Medicaid Services or attorney claims and liens, if any, arising out of the subject incident and/or litigation. Plaintiff further states that all medical bills arising out of this incident have been paid for and they neither are unaware of any dispute nor anticipate any future dispute as to any past or future medical bills or expenses. Medicare's past and/or future interests have been considered, and this agreement reflects the parties' efforts to protect Medicare's interests. Plaintiff will timely complete any forms necessary to comply with Medicare's requirements, including providing the Defendant's counsel with the Medicare affidavit referenced in Paragraph 4 at the time of execution of this Agreement.

10. **No Admission of Liability:** The parties expressly acknowledge that the consideration for this Agreement reflects a compromise of disputed claims; that this consideration is not to be construed as an admission of liability by the Defendant, which is expressly denied; that neither party is deemed the prevailing party; and that said consideration is intended merely to avoid further litigation with respect to said claims. The Parties agree that this Agreement has no precedential value nor shall it create a practice for dealing with future issues or similar situations that may arise in the future.

11. **Compensatory Education:** The Defendant acknowledges that, pursuant to the Administrative Law Judge's February 9, 2024, Decision and Order (Docket No. 23-025282; Case No. DP-23-0085), the Defendant must provide E.K. with 144 hours of compensatory education. The payment described in Paragraphs 3 and 4 must, in part, be used by the Plaintiff to secure tutoring services for E.K. in order to complete the outstanding hours of compensatory

education. Plaintiff is responsible for arranging these services, and the Defendant's payment satisfies the Defendant's remaining obligation to provide the compensatory education.

12. **Choice of Law/Forum Selection:** This Agreement will be governed by the laws of the State of Michigan and any action to enforce a term of this Agreement must be filed in the or appropriate state court.

13. **Contract Interpretation:** No provision of this Agreement shall be construed against or interpreted to the disadvantage of one party against the other party by any court or other governmental authority by reason of any determination or assertion that one party was chiefly or primarily responsible for having drafted, dictated or structured such a provision.

14. **Counterparts/Copies:** This Agreement may be executed in counterparts, each of which shall be considered equally authentic and together shall be deemed to be one in the same document. Copies of this Agreement are as binding as the original.

15. **Plaintiff Represented by Counsel:** Plaintiff acknowledges that she has retained legal counsel of her own choosing to review this Agreement; that she and counsel have read and fully understand the terms of this Agreement; that this Agreement has been the result of substantial negotiations, and that they are fully aware of its contents and legal effect.  Except as expressly set forth herein, no representations of any kind or character have been made to induce Plaintiff to execute this document.

16. **Full Agreement:** It is further understood and acknowledged that the terms of this Release are contractual and are not a mere recital and that there are no agreements, understandings or representations made by the Defendants except as expressly stated herein. This Agreement

embodies the entire understanding of the parties, and all of the terms and conditions with respect to the matters discussed herein. It supersedes and annuls any and all other former agreements, contracts, promises or representations, whether oral or written, express or implied, except the Binding Agreement, between Defendants and Plaintiff.

17. **Modification:** This Agreement may not be altered, superseded or otherwise modified except in writing, signed by the party to be charged. If any portion of this Agreement is struck down or ruled to be unenforceable, the remainder shall remain in full force and effect.

18. **Non-disparagement:** The parties understand and agree that the terms of this Release, including the fact that any payment was made or the amount of the payment, shall be confidential and shall not be divulged via social media or to any third party other than Plaintiff's spouse, attorney, or tax preparer without the prior written consent of the Defendant, or by the Defendant unless required to do so under state or federal law. The parties further understand and agree that neither party will at any time, directly or indirectly, make, publish or communicate to any person or entity or in any public forum or social media platform any defamatory or disparaging remarks, comments, or statements concerning the other party regarding this Agreement or litigation nor take any other action which could reasonably be expected to adversely affect either parties' personal or professional reputations or that would reasonably be expected to damage the integrity, reputation, or good will of either party.

19. **Headings:** The Headings in this Agreement are for convenience only and cannot be used to alter the terms of this Agreement.

[signatures on following page]

_____    _____
Witness                            B.K.A., o/b/o E.K, a minor.

Date:_____


_____    _____
Witness                            For Defendant Plymouth-Canton
                                   Community Schools

DATE: _____